*642 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The defendant has been convicted of criminally negligent homicide for causing the death of his seven-week-old daughter. On this appeal he contends that the prosecutor made prejudicial remarks during his summation. Specifically, the defendant urges the prosecutor improperly commented on the defendant’s silence prior to his arrest, improperly bolstered the credibility of his expert by introducing evidence that the defendant’s attorney had also retained the expert in other cases, vouched for the credibility of another prosecution witness and misrepresented the testimony of another expert by claiming that he determined the child’s death was a homicide. At the trial, however, the defendant made only one general objection during the summation and after the summation stated: "mr. gray: At this time I am moving respectfully for a mistrial on the conduct of the prosecutor throughout the summation, on constantly referring to speculative facts not in evidence from this witness chair, the raising of his voice and the screaming, as he has just done. The entire summation was so prejudicial and so speculative, not based on fact, that a mistrial should be granted.” Although the Appellate Division concluded that this mistrial motion preserved the issues he raises on the appeal, the unelaborated general objection to "speculative facts” did not alert the court to any of the comments now in issue and therefore was not sufficient to preserve the alleged prejudicial statements for appellate review (cf. People v Nuccie, 57 NY2d 818).
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed in a memorandum.