■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER ROCCAFORTE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Corriero, J.), rendered June 23, 1986, convicting him of criminal possession of a weapon in the third degree, criminal possession of a hypodermic instrument and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the defendant advanced the defense of temporary innocent possession of the gun in question *(see,* Penal Law § 265.20 [a] [1] [f]; § 25.00 [1]). By means of his own testimony, the testimony of a friend and a statement admitted as a declaration against interest, the defendant asserted that he was given the gun by a friend in Staten Island shortly before his arrest, and that he intended to surrender the gun to the police at the 90th Precinct station house in Brooklyn.

The defendant and his witness testified that after accepting the gun, they drove to the vicinity of the 90th Precinct and purchased heroin in order to "get high". They stated that they did so to build up the courage to enter the station house and surrender the weapon. The defendant related the route followed and testified he was unaware of any other police precincts on the route between Staten Island and the 90th Precinct in Brooklyn.

In rebuttal, the prosecution called a police officer who testified that the defendant traveled through six police precincts on his route, one of which was clearly visible from the highway. The defendant urges on appeal that this rebuttal evidence was collateral and deprived him of a fair trial. We disagree.

The People were required to prove beyond a reasonable doubt that the defendant's possession of the weapon was not lawful or temporary *(see, People v Montgomery,* 106 AD2d 410, 411). Indeed, at trial, the defendant conceded his guilt on the other counts, and the focus was directed solely to the issue of whether his possession of the weapon was merely for the purpose of surrendering it to the police. Consequently, the

presence and visibility of police precincts along the route traveled by the defendant was proper rebuttal evidence in that it circumstantially controverted the proffered defense. The existence of other precincts and, therefore, other opportunities to surrender the weapon prior to his arrest was relevant and material to the issue of temporary and lawful possession and tended to prove that the defendant did not intend to surrender the weapon. Accordingly, the rebuttal evidence was not collateral, and its admission was not an improvident exercise of discretion (see, People v Harris, 57 NY2d 335, 345, cert denied 460 US 1047; see also, Richardson, Evidence §§ 491, 517 [Prince 10th ed]). The defendant's alleged absence of knowledge concerning the locations of these precincts affected the weight rather than the admissibility of the rebuttal evidence (see, Richardson, Evidence § 146, at 116-117 [Prince 10th ed]).

The defendant also seeks a reversal of his conviction of criminal possession of a weapon on the ground that he was denied a fair trial due to several prejudicial remarks of the prosecutrix in her summation. However, with one exception, the defendant did not object to the summation comments, and his complaints are not preserved for appellate review (see, CPL 470.05 [2]; People v Balls, 69 NY2d 641, 642; People v Nuccie, 57 NY2d 818, 819).

With respect to the only preserved claim, the trial court sustained the objection, immediately corrected the error and thereby prevented undue prejudice to the defendant. Moreover, the prosecutrix's summation must be evaluated in comparison to that of the defense which, in this case, questioned the "honesty" and, inferentially, the veracity of the People's witnesses (see, People v Street, 124 AD2d 841, lv denied 69 NY2d 834; People v Colon, 122 AD2d 151, lv denied 68 NY2d 810; People v Torres, 121 AD2d 663). Under the circumstances, the alleged "vouching" by the prosecutrix was an appropriate and fair response to the comments made by defense counsel during summation (see, People v Glenn, 140 AD2d 623; People v Oakley, 114 AD2d 473, lv denied 66 NY2d 921). In any event, in light of the overwhelming evidence of guilt and the lack of any significant probability that the jury would have acquitted him had the complained-of remarks not been made, the remarks were harmless beyond a reasonable doubt (see, People v Crimmins, 36 NY2d 230, 242; People v Diaz, 73 AD2d 604). Lawrence, J. P., Weinstein, Spatt and Balletta, JJ., concur.