■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LASCELLE SHAW, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered January 5, 1987, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the course of the defendant's trial, an undercover officer testified that he identified the defendant at the precinct and also identified the defendant in court. Thereafter, on redirect examination, the undercover officer was permitted to testify, over objection, that on 4 or 5 prior unrelated occasions, he had told his supervisor that a person arrested was not the person from whom he made a purchase of a controlled substance, and the arrest was voided. That testimony was irrelevant and improperly enhanced the undercover officer's general credibility as an identification witness. An eyewitness's ability to identify one perpetrator is not necessarily probative of the accuracy of his identification of another (cf., People v Bolden, 58 NY2d 741, 744-745 [Gabrielli, J., concurring]; People v Rosario, 127 AD2d 209, 215, lv denied 70 NY2d 655; People v Moss, 103 Misc 2d 245, 247). However, in light of the strong identification evidence which overwhelmingly proved the defendant's guilt beyond a reasonable doubt, the error was harmless (see, People v Johnson, 57 NY2d 969; People v Crimmins, 36 NY2d 230; People v Dukes, 97 AD2d 445).

The defendant also seeks a reversal of his conviction on the ground he was denied a fair trial due to several prejudicial remarks of the prosecutor in summation. However, with few exceptions, the defendant failed to object to the summation comments and any issue of law with respect to his complaints is not preserved for review (see, CPL 470.05 [2]; People v Balls, 69 NY2d 641, 642; People v Nuccie, 57 NY2d 818, 819).

With respect to the preserved claims, we find that certain comments of the prosecutor were a proper response to the defense counsel's summation in which he attacked the credibility of the prosecution witnesses by suggesting that they were guilty of "exaggeration" (see, People v Roccaforte, 141 AD2d 775, 776; People v Street, 124 AD2d 841, lv denied 69 NY2d 834; People v Colon, 122 AD2d 151, lv denied 68 NY2d 810). The prosecutor inaccurately attributed to the undercover officer a more complete description of the perpetrator than the

officer gave in his testimony, and also made speculative remarks to the jury concerning the possible places the "buy money" could have been secreted. However, the trial court instructed the jury that their recollection of the evidence controlled and they were not to speculate. Since the defense counsel did not seek any further ameliorative action, it must be assumed that any defect was cured to the defense counsel's satisfaction (see, People v Medina, 53 NY2d 951, 953; People v Walters, 116 AD2d 757, 758, lv denied 67 NY2d 891). In any event, in view of the overwhelming evidence of the defendant's guilt, the claimed errors, either individually or cumulatively, do not warrant reversal of the conviction (see, People v Ashwal, 39 NY2d 105; People v Torres, 121 AD2d 663, 664). Kunzeman, J. P., Rubin, Spatt and Balletta, JJ., concur.