■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE FLORES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered November 1, 1988, convicting him of burglary in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On July 9, 1987, at approximately 7:30 P.M., an eyewitness observed the defendant, three codefendants and one other perpetrator who was never apprehended, enter an apartment at 69 Fifth Avenue, Brooklyn. A few minutes later, the five burglars left with some property from the apartment. Later that evening at approximately 11:00 P.M., the eyewitness, who lived in a second-floor apartment across the street, observed the same five burglars return to the same apartment and take more items. The eyewitness telephoned the police, who arrived shortly thereafter, and then identified three of the burglars from her apartment window as they walked on the street below. The defendant was arrested that night.

The defendant contends that the hearing court erred in finding that an independent source existed for the eyewitness's in-court identification of him. The defendant emphasizes the fact that the eyewitness testified that she had seen the defendant in the neighborhood almost every other day for the past three years, although the defendant was apparently in jail for 20 months during that three-year period. The hearing court found, *inter alia,* that the eyewitness's statement should not be taken literally, but instead should be interpreted to mean that she saw the defendant regularly in the neighborhood. Accordingly, the hearing court ruled that an independent basis existed for the eyewitness's in-court identification. We agree. The record reveals that the eyewitness observed the defendant for several minutes during the first burglary while it was still daylight. She then observed the defendant again during the 11:00 P.M. burglary. Moreover, she recognized him, having seen him regularly in the neighborhood in the past. Given the many opportunities the eyewitness had to observe the defendant, the hearing court properly found that an independent basis for her in-court identification of him existed.

The defendant contends that the trial court improperly permitted the eyewitness to testify at trial concerning her prior observations of the defendant in the neighborhood. The defendant argues that this testimony was inherently unreliable and therefore should have been precluded. At trial, the court restricted the prosecutor's questioning in this regard to inquiring of the eyewitness how many times in the three months preceding the incident she had seen the defendant in the neighborhood (the defendant was apparently released from jail three months prior to the incident). Since the eyewitness's original identification testimony was not so egregious as to establish that she was grossly mistaken in her identification of

the defendant *(see, People v McCann,* 101 AD2d 843), and the trial court imposed a reasonable restriction on the People's questioning, we find that the trial court did not improvidently exercise its discretion in permitting the eyewitness to testify concerning her prior observations of the defendant.

The defendant contends that he was deprived of the effective assistance of counsel because his trial counsel failed to cross-examine the eyewitness concerning her prior inaccurate testimony that she had seen the defendant every other day for the past three years. A contention of ineffective assistance of trial counsel requires proof of less than meaningful representation, rather than simple disagreement with strategies and tactics *(People v Rivera,* 71 NY2d 705, 708-709, citing *People v Benn,* 68 NY2d 941). We find that the present contention involves a simple disagreement with trial strategies and does not constitute less than meaningful representation. The defense counsel could have reasonably chosen not to impeach the eyewitness's testimony in this regard because to do so would have brought to the jury's attention that the defendant had been recently incarcerated for a 20-month period. Therefore, the defendant's contention that he was deprived of the effective assistance of counsel is without merit.

The defendant contends that he was denied a fair trial by several allegedly prejudicial remarks by the prosecutor on summation. However, the defendant failed to object to the prosecutor's remarks on summation, with one exception, and any claims of error with respect thereto are not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641, 642). With respect to the claim of error which is preserved, concerning the prosecutor's statement that the eyewitness referred to the defendant by name, we find that the prosecutor did not misstate the evidence presented at trial. In any event, any prejudice resulting from that statement was alleviated by the trial court's immediate curative instructions *(see, People v Shaw,* 150 AD2d 626, 627).

The defendant's contention that he was deprived of a fair trial by the supplemental readback of the trial testimony concerning the eyewitness's familiarity with the defendant is without merit. The jury requested a readback of the eyewitness's identification testimony concerning the defendant and the court had the requested testimony read. Upon discovering that the court reporter had stopped too early in the readback, the trial court had the court reporter reread the requested testimony including the omitted lines. Although the testimony originally omitted was favorable to the People since it indi-

cated that the complainant did not know the defendant's name, but that she knew him from the neighborhood, the trial court found that the omission could leave the jury with the impression that the complainant did not know the defendant at all. Therefore, we find that the trial court meaningfully responded to the jury's inquiry and did not improvidently exercise its discretion in directing the supplemental readback of testimony.

In light of the defendant's extensive criminal history, we find that the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

Finally, we find the defendant's contention concerning the allegedly improper conditional plea offer to be without merit *(see,* CPL 220.10 [3]; *People v Esajerre,* 35 NY2d 463, 467). Rubin, J. P., Eiber, Rosenblatt and Miller, JJ., concur.