■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO QUINONES, Appellant.—Judgment, Supreme Court, Bronx County (Fred W. Eggert, J.), rendered February 5, 1988, convicting defendant, after a jury trial, of two counts of murder in the second degree and one count of attempted murder in the second degree and sentencing him to two consecutive indeterminate terms of from 25 years' to life imprisonment for the murder convictions and a term of from 8⅓ to 25 years' imprisonment for the attempted murder conviction, to run consecutively to the murder sentences, unanimously affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620, 621), we find it was legally sufficient to establish the defendant's guilt of

---

murder in the second degree beyond a reasonable doubt. After being shot twice by defendant, the survivor of defendant's attempted murder testified that she then observed defendant twice shoot the deceased, Esther Rodriguez. Another witness testified that defendant stated that he shot the deceased in the head. Although defendant now contends that these witnesses did not provide credible testimony, it is well established that it is the function of the jury to evaluate the credibility of the witnesses *(People v Parks,* 41 NY2d 36, 47), and in this case, the jury's verdict convicting defendant of murder in the second degree is clearly supported by the trial record.

Defendant raises a number of issues which were rejected by this court in deciding co-defendant Nelson Rodriguez's appeal. *(People v Rodriguez,* 155 AD2d 257, *rearg denied* No. M-6485 [Jan. 18, 1990].) We agree that the same issues raised in the instant appeal are unpreserved, and in any case, no errors occurred.

In addition, defendant complains that two comments made by the prosecutor in her summation constituted improper vouching. As to the first comment, appellate review was unpreserved since defendant raised only a general objection *(People v Balls,* 69 NY2d 641, 642). In any case, with respect to both, we find no error in the prosecutor's summation since the comments were responsive to the defense's attack on the credibility of the prosecution's witnesses *(People v Cole,* 54 AD2d 643). Concur—Kupferman, J. P., Carro, Rosenberger, Ellerin and Rubin, JJ.