◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered February 28, 1986, convicting him of criminal sale of a controlled substance in the first degree and criminal sale of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we find that the police did not improperly solicit him to commit any crimes and thereby deprive him of due process *(see, People v Isaacson,* 44 NY2d 511). We similarly reject the defendant's argument that the People failed to establish an adequate foundation for the admission into evidence of the cocaine purchased *(see, People v Mayas,* 137 AD2d 836).

The court did not err in permitting the People to admit into evidence on rebuttal the scale, envelopes and hypodermic syringes *(see, People v Harris,* 57 NY2d 335, 345, *cert denied* 460 US 1047; *People v Roccaforte,* 141 AD2d 775, 776).

The defendant is also incorrect in asserting that his trial counsel was ineffective because he failed to ensure that a pretrial *Sandoval* hearing was conducted. The mere fact that the defendant's counsel did not engage in a pretrial procedure available to the defendant does not, in itself, indicate that the attorney was ineffective *(see, People v Chang,* 129 AD2d 722,

723), and the circumstances of this case, viewed in totality and as of the time of the defendant's representation, reveal that the defendant received meaningful representation *(see, People v Satterfield,* 66 NY2d 796, 799; *People v Baldi,* 54 NY2d 137, 147; *People v Sullivan,* 153 AD2d 223, 229).

We also disagree with the defendant's contention in his supplemental *pro se* brief that he was denied his constitutional right to represent himself *(see, People v McIntyre,* 36 NY2d 10, 17).

Finally, we find that the defendant's sentence was not excessive. Mangano, P. J., Brown, Sullivan and Balletta, JJ., concur.