■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE TUFINO, Also Known as EDDIE TUFFINO, Appellant.—Judgment, Supreme Court, Bronx County (Stephen Barrett, J.), rendered March 30, 1988, convicting defendant, after a jury trial, of robbery in the third degree (Penal Law § 160.05), for which defendant was sentenced, as a second felony offender, to 3½ to 7 years' incarceration, unanimously affirmed.

The victim, after leaving church around midnight, had her attention drawn to a bystander on the street when an unidentified woman called out "Eddie". Defendant responded. Moments afterwards, defendant confronted the victim, punched her in the face, threatened to kill her, and struggled with her over a radio. As defendant fled, the victim and the unidentified woman pursued him. When they apprehended him, a crowd held him for police. The victim made an immediate positive identification of defendant, and of the radio. After a hearing, the trial court permitted the introduction into evidence of the exclamation "Eddie" by the unidentified woman, who did not testify. Defendant has waived State and Federal constitutional claims by failure to make the appropriate objection below. *(People v Iannelli,* 69 NY2d 684, 685, *cert denied* 482 US 914.)* Defendant also failed to preserve his bolstering claim (CPL 470.05 [2]; *People v Gonzalez,* 55 NY2d 720, 722). He also failed to preserve any challenge to the prosecution's reference to the exclamation on summation, and the lack of a hearsay instruction when the summation comment was made, by appropriate objection, by a request for an instruction, or an exception to the lack of instruction. *(People v Balls,* 69 NY2d 641; *People v Ford,* 66 NY2d 428, 443.)* In any event, we note that this testimony was not offered for the truth of its contents. As such, it was not hearsay (Richardson, Evidence § 203 [Prince 10th ed 1973]). Defendant's other challenges to the prosecutor's summation are unpreserved as a matter of law *(People v Balls, supra)* and review in the interest of justice is not warranted. Were we to reach the issue we would find it to be without merit. The District Attorney's comments were fair reply to defendant's counsel's repeated efforts to undermine the complainant's credibility. Finally, there is no basis to conclude that the court in imposing sentence abused its discretion. Concur—Ross, J. P., Milonas, Rosenberger, Kassal and Rubin, JJ.