■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANNY NELSON, Appellant.—Judgment, Supreme Court, New York County (Dennis Edwards, Jr., J., at trial and sentence), rendered December 1, 1988, which convicted defendant, after a jury trial, of burglary in the third degree, and sentenced

him to an indeterminate prison term of from 3 to 6 years, unanimously affirmed.

On January 2, 1988, the police arrested the defendant and his accomplice for burglarizing a Fanny Farmer candy store. Defendant argues that he was denied a fair trial because the prosecutor, on summation, characterized his sole witness as incompetent, denigrated his intelligence, insinuated that the defense case depended on the existence of a police conspiracy, and vouched for the People's witnesses.

We disagree. We first note that defendant did not proffer any objections to the comments made during summation. *(People v Balls,* 69 NY2d 641, 642.) Were we to consider in the interest of justice the issues now raised, we would find them without merit. It is, of course, the right of counsel, during summation, " 'to comment upon every pertinent matter of fact bearing upon the questions the jury have to decide' " *(People v Ashwal,* 39 NY2d 105, 109). The record herein makes clear that the prosecutor's comments were in direct response to comments made by the defendant during summation. Concur—Murphy, P. J., Carro, Milonas and Ellerin, JJ.