■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL BLAKES, Appellant.—Judgment of the Supreme Court, Bronx County (Elbert Hinkson, J.), rendered on June 16, 1988, convicting the defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree and sentencing him, as a second felony offender, to an indeterminate term of from 4½ to 9 years' imprisonment on the sale count and to a determinate term of one year's imprisonment on the possession count, to run concurrently, is unanimously affirmed.

The defendant sold crack cocaine to an undercover officer on April 22, 1987, in front of an apartment building located at 361 East 138th Street, Bronx County.

Defendant's challenge to the prosecutor's cross-examination and summation has not been preserved as a matter of law. Counsel's objections to isolated questions were either general or on the grounds of form rather than substance and, therefore, did not preserve the issue for appellate review (People v Dawson, 50 NY2d 311, 324). Likewise, defendant did not object to the alleged impropriety of the prosecutor's summation and, thus, has failed to preserve these claims (see, People v Balls, 69 NY2d 641, 642).

In any event, the record reveals that the prosecutor's cross-examination did not suggest that the defendant had an established propensity to sell drugs, or seek to impugn the character of defendant as neglectful of his family. Rather, the

prosecutor's inquiries on cross-examination and comments on summation were made in direct response to defense testimony seeking to portray the defendant as a hard-working individual with a family to support.

Finally, in view of the overwhelming evidence of the defendant's guilt, any error by the prosecutor, either on cross-examination or on summation, must be deemed harmless *(People v Crimmins,* 36 NY2d 230, 237). Concur—Murphy, P. J., Ross, Rosenberger, Asch and Rubin, JJ.