■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL TORRES, Appellant.—Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered September 16, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing him, as a second felony offender, to concurrent terms of imprisonment of 4½ to 9 years on each count, unanimously affirmed.

During a buy-and-bust narcotics operation, defendant's accomplice Anthony Aquino mentioned the word "cocaine" as the undercover officer approached the corner of Ward and Watson Avenues in the Bronx. The officer indicated he was interested in some cocaine, whereupon Aquino led him to defendant. Defendant took one glassine envelope from his pocket, stating that in it was pure cocaine, and handed it to the undercover officer, who in return gave the defendant $10 of prerecorded buy money. Approximately eight minutes after this drug transaction, backup police officers responded to the scene and, pursuant to the undercover police officer's radioed description, arrested the defendant and his accomplice. Aquino was in possession of the prerecorded buy money, while two additional glassine envelopes of cocaine were recovered from defendant's pants pocket.

The evidence, when viewed in a light most favorable to the prosecution, was clearly sufficient to satisfy the elements of the crimes of which defendant was convicted. The weight of the credible evidence presented, particularly the testimony of the undercover officer, reveals that a different finding than that reached by the jury would be unreasonable *(see, People v Bleakley,* 69 NY2d 490).

Although defendant claims that the prosecutor, on summation, denigrated his defense and drew inferences not supported by the facts, he never objected to these comments at trial *(see, People v Berrios,* 71 NY2d 905). Moreover, defendant failed to preserve his claim that the prosecutor vouched for the integrity of the People's witnesses by not raising this specific

objection below *(People v Balls,* 69 NY2d 641). In any event, the remarks which defendant now challenges were a fair response to the defense counsel's argument in summation. Concur—Murphy, P. J., Sullivan, Carro, Ellerin and Smith, JJ.