■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD TAYLOR, Appellant.—Judgment, Supreme Court, New York County (John A.K. Bradley, J. at *Mapp* hearing, trial and sentence), rendered July 24, 1989, convicting defendant, after jury trial, of burglary in the third degree and sentencing

him, as a second felony offender, to an indeterminate term of 3½ to 7 years' imprisonment, unanimously affirmed.

Defendant's conviction arises out of the burglary of the fourth floor premises of a linen goods outlet at Broadway and Broome Street, in Manhattan, in the early morning hours of November 7, 1988.

Contrary to defendant's contention on appeal, the physical evidence discovered upon defendant's arrest was properly admitted at trial as the product of a lawful arrest. The combination of a 2:45 A.M. radio run of a burglary in progress in the area of Broadway and Broome Street, involving two male blacks wearing dark clothing and carrying large bundles of merchandise along the street, supported by the responding officer's observation of defendant and a companion in the immediate area of the reported burglary within one and one-half hours of the radio run, each meeting the radioed description of the burglars and carrying large bundles of merchandise recognized by the officer as the type sold by a linen goods outlet at the corner of Broadway and Broome Street, as well as the flight of defendant and his companion when the patrol car approached them, provided probable cause for the officer to believe that defendant had committed a crime, and thus for defendant's arrest. (CPL 140.10 [1] [b]; *People v De Bour,* 40 NY2d 210.)

Defendant's claim on appeal that the prosecutor's comments in summation were improper was not preserved for review by appropriate objection. *(People v Balls,* 69 NY2d 641.) In any event, the prosecutor's comments in summation were not in any way improper because they constituted fair comment on the evidence *(People v Fielding,* 158 NY 542), and appropriate response to the defense summation attacking the reliability of the testimony of the Police Department fingerprint expert *(see, People v Cole,* 54 AD2d 643). Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Smith, JJ.