■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL DIAZ, Appellant.—Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered April 10, 1989, convicting defendant after a jury trial of murder in the second degree, and sentencing him to an indeterminate term of imprisonment of fifteen years to life, unanimously affirmed.

The testimony of an eyewitness who identified defendant as the killer who wore a white hat was not incredible as a matter of law. Some of his testimony was internally inconsistent and some was inconsistent with the witness who did not make an in-court identification, but our own examination of the record shows that the eyewitness had ample opportunity to observe defendant, with whom the eyewitness had a long, if passing acquaintance. The eyewitness had close up views of defendant before the shots rang out. Moreover, the eyewitness's account of the shooting was corroborated by the second witness's testimony that the person wearing the white hat was the killer. Accordingly, there is no basis to disturb the jury's determination of the facts. *(People v Malizia,* 62 NY2d 755; *People v Bleakley,* 69 NY2d 490, 495.)

We find no merit to defendant's claim that his lineup and in-court identifications should have been suppressed. The initial photographic identification procedure was not suggestive because the eyewitness knew the police were looking for "Poppocon". The eyewitness said that he knew the nickname before his contact with the police, and mention of the name did not serve to single out defendant's picture from among the

other photographs that the eyewitness examined. The eyewitness's adamant denial that the police told him whom to identify at the lineup and the testimony of the detective who ran the proceeding show that lineup was fair. Defendant's claim that the lineup is the fruit of his unlawful arrest is unpreserved. Defendant did not move to suppress the lineup on that ground, and defendant referred to the apartment at which he was arrested as his home for the first time at trial.

Since the legality of defendant's arrest was not a jury question, the court did not commit error in refusing to charge that the police were required to obtain an arrest warrant. Defendant has failed to preserve his claims that he was denied a fair trial by certain comments of the prosecutor on summation *(People v Balls,* 69 NY2d 641) or by the court's supplemental charge on credibility. Were we to consider defendant's arguments in the interest of justice we would find that the prosecutor did not commit reversible error *(People v Crimmins,* 36 NY2d 230) and that the court's response to the jury's question was proper. *(People v Almodovar,* 62 NY2d 126.) Concur—Sullivan, J. P., Carro, Rosenberger, Kupferman and Rubin, JJ.