■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WILSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Thorp, J.), rendered September 9, 1988, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The People proved that the defendant had retreated to complete safety when he returned to the victim's premises and inflicted multiple knife wounds in the victim's neck, and the upper portion of the victim's back, close to the neck area *(see,* Penal Law § 35.15 [2]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). The victim testified that he had backed the defendant away from his yard and onto the sidewalk with a metal pipe. When the victim turned around, the defendant came up from behind and stabbed him in the back. The victim then fell and hit his head on the pavement, and the defendant stabbed him three times in the neck. While the eyewitnesses to the assault produced somewhat varying versions of the event, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). As it cannot be said that the jury's verdict was clearly unsupported by the record, it should not be disturbed.

We similarly reject the defendant's contention that he was deprived of a fair trial by reason of the prosecutor's summation remarks. The record shows that the court sustained most of defense counsel's objections to the improper remarks. The remainder of the complained-of remarks were either within the bounds of permissible rhetorical comment afforded counsel during summation *(see, People v Ashwal,* 39 NY2d 105) or unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641).

Finally, there is no basis on the record to disturb the sentence imposed *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Bracken, Brown and Balletta, JJ., concur.