■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JACKSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hillery, J.), rendered July 27, 1989, convicting him of murder in the second degree, manslaughter in the second degree, attempted robbery in the first degree (two counts), and attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that the evidence was legally insufficient to establish his guilt of the predicate felonies underlying his conviction for felony murder. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The testimony of the People's witnesses, including several eyewitnesses to the incident, established that the defendant had participated in the attempted robbery of the victim, and that upon the command of an accomplice to the crime, the defendant fired the fatal shot in the victim's head at close range.

The defendant's alternative argument that the evidence was insufficient because the testimony of the accomplice was uncorroborated by independent evidence tending to show that he planned or participated in the attempted robbery was not raised with sufficient specificity at trial and is unpreserved for review *(see, People v Balls,* 69 NY2d 641). In any event, the defendant's contention is without merit. The record reveals that the testimony of the accomplice was amply supported by corroborative evidence of the eyewitnesses and the defendant's own statements tending to connect him with the attempted commission of the robbery (CPL 60.22).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Brown, J. P., Sullivan, Lawrence and Ritter, JJ., concur.