■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR VASQUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered November 1, 1988, convicting him of burglary in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecution's eyewitness should not have been believed by the jury because her testimony was not credible and kept changing. However, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant contends that he was denied a fair trial by several allegedly prejudicial remarks by the prosecutor on summation. However, the defendant failed to object to any of these challenged remarks and therefore, any claims of error with respect thereto are not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641, 642).

In light of the defendant's extensive criminal history, we find that the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Eiber, Miller and Ritter, JJ., concur.