■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered October 25, 1985, convicting him of criminal sale of

a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, criminal possession of controlled substance in the third degree, and conspiracy in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, under the circumstances of this case the trial court properly allowed the introduction of evidence of other uncharged drug sales in order to establish the defendant's intent and predisposition to commit the crime so as to refute the agency and entrapment defenses raised by the defendant (see, People v Calvano, 30 NY2d 199, 205-206; People v Crandall, 67 NY2d 111, 118; People v Allweiss, 48 NY2d 40, 47; People v Mann, 31 NY2d 253, 260-261). Moreover, the court properly charged the jury as to the limited use of the evidence of uncharged crimes.

In addition, evidence of overt acts not specifically listed in the indictment was properly admitted to establish the defendant's guilt of the crime of conspiracy in the second degree (see, e.g., People v Bongarzone, 116 AD2d 164, 171, affd 69 NY2d 892). We note in particular that those overt acts fell within the time period specified in the indictment and that at no time did the defendant request a bill of particulars (see, People v Mackey, 49 NY2d 274, 278; People v Fitzgerald, 45 NY2d 574, 578-579; People v Iannone, 45 NY2d 589, 596-601; People v Bongarzone, supra; People v Lakomec, 86 AD2d 77, 79).

With regard to the rebuttal evidence establishing the defendant's involvement in other drug sales and that drug paraphernalia was found in the defendant's apartment, we observe initially that the defendant's claim has not been preserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245, 248-252). In any event, the evidence was properly admitted to rebut the defendant's affirmative claims that he knew nothing about drugs, that he never sold drugs, and that the evidence against him was fabricated (see, People v Alvino, 71 NY2d 233, 245-248; People v Harris, 57 NY2d 335, 345, cert denied 460 US 1047; People v Roccaforte, 141 AD2d 775, 776; see also, People v Gonzalez, 161 AD2d 798).

Finally, we reject the defendant's contention that the court erred in granting his request to proceed pro se when he took the witness stand. When the defendant asked to proceed pro se, the court conducted an extensive inquiry and advised the defendant of his right to do so, but warned him forcefully that he lacked legal training and would be at a disadvantage. In

addition, the court insured that the defendant consulted with counsel in making his decision and gave the defendant several opportunities to reconsider. Moreover, the defendant's attorney was directed to remain on hand as a legal advisor; and, after the defendant left the stand, he chose to have counsel represent him for the remainder of the trial. Under the circumstances, the trial did not err in allowing the defendant to proceed *pro se (see, People v Vivenzio,* 62 NY2d 775, 776; *People v Landy,* 59 NY2d 369, 377; *People v Allah,* 150 AD2d 381; *People v Williams,* 143 AD2d 959; *cf., People v Derrick,* 96 AD2d 600; *People v Harris,* 85 AD2d 742, 744, *affd* 58 NY2d 704). Mangano, P. J., Lawrence, Eiber and Balletta, JJ., concur.