■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAL LUPO, Appellant

The credible evidence established that the defendant was informed of his right to appear before the Grand Jury and waived that right. Accordingly, the court properly denied the defendant's late request to testify before the Grand Jury.

In addition, the court properly concluded that the complainant, who stood face to face with her assailant in broad daylight and was able to describe him to the police in some detail, had a source to identify the defendant independent of a tainted showup identification *(Gilbert v California,* 388 US 263, 272; *People v Ballott,* 20 NY2d 600, 606-607; *People v Flores,* 160 AD2d 1020).

The court properly sentenced the defendant as a persistent violent felony offender. The defendant was afforded an opportunity to contest the validity of the prior convictions upon which the persistent violent felony offender status was based. The validity of the defendant's 1978 conviction was previously adjudicated at a persistent felony hearing on a 1983 conviction and that court's finding of constitutionality is binding (CPL 400.15, 400.16, 400.21 [8]; *People v Ross,* 138 AD2d 543; *see also, People v Conti,* 149 AD2d 607; *People v Williams,* 133 AD2d 871; *People v Young,* 123 AD2d 366). In addition, a review of the plea allocution and sentencing minutes in connection with the 1983 conviction reveal that the defendant was afforded his rights under *Boykin v Alabama* (395 US 238) and was apprised of the fact that his conviction could result in an enhanced sentence upon a later conviction. Indeed, we find nothing to suggest that the defendant's plea was not knowing and voluntary *(see, People v Harris,* 61 NY2d 9).

We have considered the defendant's remaining contentions, including those raised by his supplemental *pro se* brief and find them to be without merit *(see,* CPL 270.20 [2]; *People v Satterfield,* 66 NY2d 796, 799; *People v Jones,* 160 AD2d 613; *People v Lawrence,* 143 AD2d 1045, 1046; *People v Marchese,* 140 AD2d 547, 548; *People v Shannon,* 137 AD2d 850, 851).

Thompson, J. P., Kunzeman, Miller and Copertino, JJ., concur.