■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AKMIR GRAY, Appellant.—Judgment, Supreme Court, New York County (Shirley Levittan, J.), rendered November 17, 1988, convicting defendant, after a jury trial, of manslaughter in the first degree, and which sentenced him, as a predicate violent felony offender, to an indeterminate term of 10 to 20 years imprisonment, unanimously affirmed.

We reject defendant's contention that he had objected to the court's submission of a justification defense charge. The record reflects that counsel had equivocated over submission of the charge, and had stated only that he was not requesting the charge. Counsel did not object to the submission. It was incumbent upon defendant to object specifically to the charge's submission, to place the basis for his claim on the record, and to give the court an opportunity to rule on the objection *(see, People v Rivera,* 73 NY2d 941; *People v Burke,* 72 NY2d 833, 836). We note that the court's justification charge did not detract from defendant's position that he did not shoot deceased, rather it emphasized that position. Likewise, defendant's challenges to the prosecutor's summation are for the most part unpreserved by specific objection (CPL 470.05 [2]; *People v Balls,* 69 NY2d 641). Were we to review in the interest of justice, we would find no reversible error.

There was a reasonable view of the evidence that defendant intended to seriously physically injure, rather than to kill the victim. As such, it was not error to submit manslaughter in the first degree as a lesser-included offense of intentional murder *(see, e.g., People v Alamo,* 128 AD2d 441).

We have examined defendant's other contentions and find them to be without merit. Concur—Carro, J. P., Rosenberger, Ellerin, Kassal and Rubin, JJ.