■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOSES FRANKLIN, Appellant.—Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered June 22, 1990, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a predicate violent felony offender, to 5 to 10 years, unanimously affirmed.

Complainant, a victim of a mugging by two individuals, identified the other perpetrator, but conceded that he had not seen defendant's face. The police officers who effected the arrest of the perpetrators were part of an anti-crime unit, had seen the defendant in the company of co-defendant shortly before the mugging, and saw them flee together from the scene of the robbery, although their view of the actual mugging had been blocked.

Viewing the evidence in a light most favorable to the People by giving it the benefit of every reasonable inference to be drawn therefrom, the jury reasonably concluded that defendant's guilt was proved to a moral certainty (People v Betancourt, 68 NY2d 707, 709-710). Defendant's evidentiary claims on appeal are, in the main, unpreserved for review as a matter of law by appropriate objection (People v Balls, 69 NY2d 641), and without merit. Defendant failed to present any objection to the court's response to juror dissatisfaction with a second night's sequestration. Were we to review in the interest of justice, we would find that the court properly responded and that no prejudice accrued to defendant.

Although the complainant perjured himself with respect to background testimony concerning his presence in the Times Square area at that time of night, upon being advised by the complainant of this perjury, the prosecutor acted properly.

The complainant was recalled after the close of defendant's case to admit his perjury and to provide corrected testimony, and the jury was free to evaluate the complainant's credibility. We find no error in this procedure, nor do we find that the complainant's perjury on a collateral matter rendered his material testimony incredible as a matter of law.

We have considered defendant's remaining contentions and find them without merit. Concur—Milonas, J. P., Wallach, Asch and Rubin, JJ.