THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS BENNETT, Appellant. [610 NYS2d 910] —Judgment unanimously affirmed (see, People v Saunders, 190 AD2d 1092, 1093, lv denied 81 NY2d 1019). (Appeal from Judgment of Erie County Court, LaMendola, J.—Attempted Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Pine, Fallon, Callahan and Davis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SONNY LEWIS, Appellant. [610 NYS2d 911] —Judgment unanimously affirmed (see, People v Saunders, 190 AD2d 1092, 1093, lv denied 81 NY2d 1019). (Appeal from Judgment of Erie County Court, LaMendola, J.—Attempted Burglary, 2nd Degree.) Present—Denman, P. J., Pine, Fallon, Callahan and Davis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE P. PIPER, Appellant. [610 NYS2d 912] —Judgments unanimously affirmed. Memorandum: Defendant contends that the court erred in permitting a prosecution witness to read defendant's written statement to the jury before it had been offered into evidence. Defendant's general objection failed to preserve the issue for our review (see, People v Balls, 69 NY2d 641; People v Tarbell, 167 AD2d 902, lv denied 77 NY2d 883). Were we to reach the merits, we would conclude that defendant was not prejudiced thereby because the statement was later received in evidence and read to the jury. Defendant also failed to preserve for our review his contention that the court erred in failing to redact defendant's written statement to delete reference to a prior bad act, and we decline to reach that issue in the interest of justice (see, CPL 470.15 [6]). We find the sentence neither harsh nor excessive. (Appeal from Judgments of Oneida County Court, Buckley, J.—Manslaughter, 1st Degree.) Present—Denman, P. J., Pine, Fallon, Callahan and Davis, JJ.