■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES VAUGHN, Appellant. [609 NYS2d 793] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered May 18, 1993, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Bracken, J. P., Sullivan, Krausman and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND WILLIAMS, Appellant. [609 NYS2d 793] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered June 18, 1992, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court properly concluded that there was a source for the in-court identification of the defendant by the undercover detective independent of a suggestive photographic identification (see, Gilbert v California, 388 US 263, 272; People v Lupo, 179 AD2d 683). Viewing the evidence adduced at the trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Mangano, P. J., Balletta, Friedmann and Florio, JJ., concur.