■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY STONEY HARRISON, Appellant. [617 NYS2d 349] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Cooperman, J.), both rendered October 25, 1990, convicting him of murder in the second degree under Queens County Indictment No. 2773/89 and conspiracy in the second degree under Queens County Indictment No. 5391/89, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that he was denied a fair trial by the admission of evidence of prior uncharged crimes. Specifically, the defendant asserts that certain testimony indicated that he had a violent nature and served only to show that he was predisposed to commit the crime charged. In the present case, the defendant raised the affirmative defense of entrapment. When the People are forced to refute a claim of entrapment, evidence of similar uncharged crimes becomes relevant to prove that the defendant was, in fact, predisposed to commit the crime charged *(see, People v Calvano,* 30 NY2d 199, 205-206; *People v Ingram,* 71 NY2d 474, 480-481; *People v Jackson,* 193 AD2d 621, 622-623; *People v Gonzalez,* 175 AD2d 179, 180). Therefore, the trial court properly admitted the evidence of prior uncharged crimes.

The defendant next contends that he was denied a fair trial because the court examined prospective jurors regarding their knowledge of the case, as a result of pretrial publicity, outside of his presence. In *People v Sloan* (79 NY2d 386), the Court of Appeals held that such a procedure violated a defendant's right to be present at a material stage of the trial. Recently, though, the Court of Appeals determined that the rule enunciated in *Sloan* should be applied only prospectively to cases in which jury selection occurred after April 7, 1992, the date on which *Sloan* was decided *(People v Sprowal,* 84 NY2d 113; *see also, People v Hannigan,* 193 AD2d 8). In the case before us, jury selection occurred prior to April 7, 1992. Thus, reversal is not required on that ground.

The defendant also contends that the complaining witness's testimony was incredible as a matter of law. Initially, we find that this claim is unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, viewing the evidence in a light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620; *see also, People v Fields,* 188 AD2d 612). Moreover, resolution of issues of credibility, as well as weight to be accorded the evidence presented, are primarily issues to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find that they are without merit. Miller, J. P., Joy, Altman and Goldstein, JJ., concur.