■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAXIMO BURDIER, Appellant. [627 NYS2d 754] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Barasch, J.), rendered October 20, 1992, convicting him of conspiracy in the second degree under Indictment No.

5373/91, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered October 20, 1992, revoking a sentence of probation previously imposed by the same court (Slavin, J.), upon a finding that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of criminal sale of a controlled substance in the fourth degree and criminal possession of a weapon in the fourth degree under Indictment No. 8509/86.

Ordered that the judgment and amended judgment are affirmed.

The defendant contends that the undercover officer's testimony was incredible as a matter of law. Initially, we find that this claim is unpreserved for appellate review (see, People v Bynum, 70 NY2d 858, 859; People v Harrison, 208 AD2d 648). In any event, viewing the evidence in a light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt of conspiracy in the second degree beyond a reasonable doubt (see, People v Contes, 60 NY2d 620). Contrary to the defendant's contention, his acquittal of the substantive crimes underlying the conspiracy, and the acquittal of some of his codefendants after trial of the conspiracy charge, does not render the evidence against this defendant legally insufficient (see, People v Berkowitz, 50 NY2d 333, 342; People v McGee, 49 NY2d 48, 57, cert denied sub nom. Waters v New York, 446 US 942; People v Schwimmer, 47 NY2d 1004, 1005, affg 66 AD2d 91). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The prosecutor's comments during summation did not deprive the defendant of a fair trial (see, People v Fludd, 195 AD2d 478; People v Roopchand, 107 AD2d 35, affd 65 NY2d 837).

The defendant's remaining contention is without merit. Bracken, J. P., Copertino, Krausman and Florio, JJ., concur.