■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD MOODY, Appellant. [635 NYS2d 466]—Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered May 7, 1992, convicting defendant, after a jury trial, of two counts of robbery in the first degree and two counts of robbery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of $4^1/_2$ to 9 years on the first degree convictions and 3 to 6 years on the second degree convictions, unanimously affirmed.

Defendant's claim that he was denied a fair trial by the prosecutor's summation comments vouching for the veracity of the complaining witnesses is unpreserved for appellate review as a matter of law (*People v Ball*, 69 NY2d 641), and we decline to review it in the interest of justice. If we were to review it, we would find that the challenged comments were proper responses to defendant's summation. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Williams, JJ.

■ JONATHAN BRACERO, an Infant, by His Mother and Natural Guardian, YOLANDA L. BRACERO, et al., Respondents, v 2780 REALTY Co. et al., Appellants. [635 NYS2d 466]—Order, Supreme Court, Bronx County (Bertram Katz, J.), entered July 7, 1994, which denied defendants' motion to amend their answer so as to assert counterclaims against plaintiff parent, unanimously affirmed, without costs.

We affirm for the reasons stated in *Nieves v 1097 Walton Realty Co.* (220 AD2d 329) and *Rosario v Bann Hous. Corp.* (220 AD2d 345), holding that claims by a landlord that amount to negligent parental supervision are precluded under the circumstances here prevailing. Concur—Sullivan, J. P., Ellerin, Nardelli and Tom, JJ.