People v Battle (2025 NY Slip Op 03584)

People v Battle

2025 NY Slip Op 03584

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2019-13004
 (Ind. No. 1764/17)

[*1]The People of the State of New York, respondent,
v
Maurice Battle, appellant.

Patricia Pazner, New York, NY (Hannah Kon and Sullivan & Cromwell LLP [Michele C. Materni and Daniel P. O'Hara], of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Charles T. Pollak, and Corey Reisman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John Latella, J.), rendered October 2, 2019, convicting him of criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), criminal possession of a firearm, and operating a motor vehicle without required lighted headlamps, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the third degree, based upon his possession of a dagger, beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that count was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that Penal Law §§ 265.02(1) and 265.01(2) are unconstitutionally vague on their face and as applied to him due to the absence of a statutory definition of the term "dagger" is unpreserved for appellate review (see CPL 470.05[2]; People v Hubsher, 176 AD3d 972, 972). In any event, this contention is without merit, as "'the statute[s] provide[ ] the defendant with adequate notice and the police with clear criteria' for enforcement" (People v Hubsher, 176 AD3d at 972, quoting People v Stuart, 100 NY2d 412, 422; see Police Benevolent Assn. of the City of New York, Inc. v City of New York, 40 NY3d 417, 427).
The defendant's contention that the evidence at the suppression hearing failed to establish probable cause for his arrest is unpreserved for appellate review, since the specific [*2]arguments he now makes were not raised before the Supreme Court (see CPL 470.05[2]; People v Rodgers, 228 AD3d 961, 962). In any event, the defendant's contention is without merit. The evidence elicited at the hearing established that the police had probable cause to arrest the defendant (see People v McLeod, 235 AD3d 999, 1000; People v Rodgers, 228 AD3d at 962).
The defendant's contention that the Supreme Court violated his Sixth Amendment right to confrontation by admitting into evidence records of a DNA analysis performed by the Office of the Chief Medical Examiner of the City of New York is unpreserved for appellate review, since defense counsel did not object to the admission of either the records or the accompanying testimony from a criminalist on the basis that their admission violated the Confrontation Clause (see CPL 470.05[2]; People v Bostic, 236 AD3d 1051, 1054; People v Espinosa, 207 AD3d 655, 656). In any event, "while the admission of a nontestifying analyst's DNA report violated the defendant's Confrontation Clause rights, that error was harmless beyond a reasonable doubt" (People v Bostic, 236 AD3d at 1054 [citation omitted]; see People v Martinez, 165 AD3d 1288, 1289). The testimony of the testifying criminalist that he performed his own independent analysis and reached his own conclusions demonstrated that he "was not functioning merely as 'a conduit for the conclusions of others'" (People v Bostic, 236 AD3d at 1054, quoting People v Austin, 30 NY3d 98, 105). Thus, although erroneously admitted, the report was cumulative, since the testifying criminalist reached the same conclusions after analyzing the raw data (see People v Rawlins, 10 NY3d 136, 156; People v Bostic, 236 AD3d at 1054; People v Martinez, 165 AD3d at 1289).
The defendant's contention that he was deprived of a fair trial by various comments made by the prosecutor during summation and by certain questions asked by the prosecutor on cross-examination is mostly unpreserved for appellate review, as, with respect to a majority of the challenged comments and questions, the defendant failed to object to the comments, made only general objections, failed to request curative instructions, and did not timely move for a mistrial on the specific grounds now claimed (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Balls, 69 NY2d 641, 642; People v Miller, 229 AD3d 724, 725-726). In any event, the challenged comments and questions either were fair comment on the evidence (see People v Ashwal, 39 NY2d 105) or, to the extent they were improper, were not so pervasive or egregious as to have deprived the defendant of a fair trial (see People v Bensabeur, 225 AD3d 891).
Contrary to the defendant's contention, the record shows that his waiver of the right to counsel and his decision to proceed pro se were unequivocal, knowing, voluntary, and intelligent (see People v Dixon, 42 NY3d 609; People v Blue, 42 NY3d 584).
IANNACCI, J.P., MILLER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court