■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE POWELL, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered March 23, 1982, convicting him of robbery in the first degree, grand larceny in the second degree, criminal possession

of stolen property in the first degree, criminal use of a firearm in the first degree and unauthorized use of a vehicle, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Evidence of a car chase and defendant's arrest in Manhattan was properly admitted at defendant's trial for a robbery committed in Brooklyn three days earlier, which is the subject of this appeal. At the outset, we note that neither defense counsel nor counsel for the codefendant objected to the testimony by the arresting police officers, thus the issue has not been preserved for appellate review (CPL 470.05, subd 2; *People v Thomas,* 50 NY2d 467, 471; *People v Gines,* 36 NY2d 932, 933). Nor do the circumstances of the case at bar warrant this court to exercise its interest of justice jurisdiction. In any event, although evidence of uncharged crimes is inadmissible to show a defendant's criminal predisposition (*People v Allweiss,* 48 NY2d 40; *People v Vails,* 43 NY2d 364; *People v Fiore,* 34 NY2d 81; *People v Agront,* 104 AD2d 821), if the same is offered for another relevant purpose (such as to establish identity of the perpetrator of the crime being tried), it will generally be allowed (*People v Jackson,* 39 NY2d 64; *People v Condon,* 26 NY2d 139; *People v Molineux,* 168 NY 264).

The evidence adduced at trial concerning the events which led to defendant's arrest was highly relevant to establishing defendant's guilt of the robbery. At the time of his apprehension, not only had defendant been driving the vehicle which had been stolen from Rickey Nesmith, the complainant herein, three days earlier in Brooklyn, but when asked to identify himself, he said his name was Rickey Nesmith. In addition, defendant possessed the complainant's driver's license, Social Security card and Blue Cross card. Moreover, the complainant identified defendant in a lineup held pursuant to the arrest in Manhattan. He also identified the gun which defendant had dropped during his flight from the police prior to the arrest as the same one he had seen being held by one of the perpetrators of the subject robbery. In addition, evidence of defendant's attempt to outdistance the police during the high-speed car chase and his efforts to escape captivity once the car had come to a halt after crashing into a guardrail on West Street reflected a consciousness of guilt. We find that the probative value of this evidence far outweighed any prejudice to defendant, and therefore it was proper to allow its admission at trial. In view of the overwhelming evidence of defendant's guilt, even if there had been error, we would have found it harmless (*People v Crimmins,* 36 NY2d 230).

We have considered defendant's remaining contentions and find them to be either unpreserved or without merit. Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.