■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO TORRES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered March 2, 1983, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict and imposing sentence.

Judgment affirmed.

The defendant seeks a reversal of his conviction on the ground that he was denied a fair trial due to several prejudicial remarks of the prosecutor in his opening statement and summation. We find, however, that while some of the prose-

cutor's comments warrant criticism, they were not so prejudicial as to cause the trial to be unfair *(see, People v Galloway,* 54 NY2d 396; *People v Oakley,* 114 AD2d 473). The prosecutor's summation must be evaluated in comparison to that of the defense summation which, in this case, called into question the credibility of the witnesses *(see, People v Anthony,* 24 NY2d 696; *People v Blackman,* 88 AD2d 620, 621). The prosecutor's remark suggesting that the jury consider the witnesses' lack of motivation to lie was a proper comment on the issue of credibility *(see, People v Oakley, supra).* The People properly concede that the prosecutor should have refrained from suggesting that the defense counsel did not take his client's story seriously. However, in light of the defense counsel's reference to the implausibility of the defendant's story, prompting the prosecutor's remark, and the overwhelming evidence of the defendant's guilt, none of the claimed errors either cumulatively or individually warrant a reversal of the conviction.

Also, contrary to the defendant's contention concerning the trial court's *Sandoval* ruling, we find no basis to conclude that the court abused its discretion in permitting the prosecutor to cross-examine the defendant concerning certain of his prior criminal convictions *(cf. People v Williams,* 56 NY2d 236). Gibbons, J. P., Brown, Weinstein and Kooper, JJ., concur.