■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WANDOLOSKI, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered June 10, 1985, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was indicted on two counts of robbery in the second degree. At the trial, the robbery victim testified that he had been drinking at a bar in Riverhead, Suffolk County, during the early morning hours of June 3, 1984. According to the victim, the defendant was also present in the bar that morning and, in fact, the victim and the defendant had played a game of pool against each other. At about 4:00 A.M., as the bar was closing, the victim attempted to secure a ride to his home in Jamesport, approximately 12 miles away, but he was unable to reach a local taxicab service by telephone and he could not find another bar patron heading in the right direction. He then asked the defendant and his two companions, who were sitting in a pickup truck in the parking lot of the bar, if they could drive him home, and they agreed. After a stop at a local delicatessen to procure beer, they proceeded in the general direction of Jamesport, but the victim did not recognize the route. Eventually, the truck pulled off onto a narrow sandy road and came to a stop. Believing that the driver had stopped to relieve himself, the victim began to get out of the truck to do the same. However, as he was opening the door, he was pushed out and shoved to the ground by the defendant. The defendant demanded the victim's money and held him down and punched him twice in the face while one of the other men kicked him repeatedly in the side. The three men then removed the victim's pants, which contained his wallet, along with his shoes and socks, and they drove off and left him at that secluded location.

After the victim testified, the prosecutor made an offer of proof, out of the presence of the jury, to the effect that he intended to introduce evidence of an uncharged crime under the authority of *People v Molineux* (168 NY 264). Specifically, the prosecutor stated that he would call a witness who would testify that in 1981 the defendant admitted to her that he and others offered a ride to a man and had thereafter driven the man to a secluded area, beaten and robbed him, and removed his clothing. The witness would further testify that she had seen the pants purportedly taken from the victim of the 1981

robbery in the defendant's possession. Over the objection of defense counsel, the court ruled that it would permit the introduction of the proffered testimony, and the witness so testified. We hold that the admission of such testimony constituted reversible error.

Where, as in this case, the defense of mistaken identity is raised, and the defendant seeks to impeach the testimony of the sole eyewitness to the crime, other crime evidence is admissible on the issue of identity pursuant to the *Molineux* rule *(see, People v Molineux, supra; see also, People v Robinson,* 68 NY2d 541, 548; *People v Beam,* 57 NY2d 241, 251; *People v Condon,* 26 NY2d 139, 142), so long as "the *modus operandi* is so unique as to make the evidence highly probative" *(People v Robinson, supra,* at 548; *see also, People v Allweiss,* 48 NY2d 40; *People v Condon, supra* at 144). In this case, the *modus operandi* of offering the victim a ride, driving him to a secluded location, assaulting and robbing him and removing and stealing his clothing was sufficiently unique *(see, People v Beam, supra; cf., People v Sanza,* 121 AD2d 89). However, the probative value of other crime evidence is not dependent solely upon a showing of uniqueness, but also upon a showing, by clear and convincing evidence, that the defendant was, in fact, the person who committed the prior uncharged crime *(see, People v Robinson, supra,* at 544-545, 549-550).

In the instant case, absolutely no independent evidence was offered that the prior crime testified to had occurred at all; no victim or eyewitness was produced or identified, nor was there any proof that any such crime had been reported to any law enforcement authority. Further, the defendant denied that he knew of or had participated in such an incident or that he had admitted his participation to the prosecution witness, and his identity as the perpetrator of the prior uncharged crime had not been previously determined. Thus, the evidence of the previously uncharged crime in this case, which consisted solely of an admission of the defendant to another, would not have been sufficient to support a conviction *(see,* CPL 60.50) and, assuming for the sake of argument that such a crime had occurred, did not clearly and convincingly establish the defendant's identity as the perpetrator of such crime. Therefore, the admission of such evidence constituted an abuse of discretion as a matter of law *(see, People v Robinson, supra,* at 549-550).

Because there must be a new trial, we shall comment briefly on certain remarks of the prosecutor in the course of his

summation which, although not preserved for appellate review by timely objection *(see,* CPL 470.05 [2]), were nevertheless improper. In particular, the prosecutor did more than simply comment upon his witnesses' lack of motivation to lie *(cf., People v Torres,* 121 AD2d 663, 664; *People v Oakley,* 114 AD2d 473). Rather, he improperly bolstered and vouched for the credibility of the witnesses called by the People while unnecessarily denigrating the veracity of those witnesses testifying on behalf of the defendant *(see, People v Ortiz,* 125 AD2d 502; *People v Ricchiuti,* 93 AD2d 842, 844-845; *People v Whitehurst,* 87 AD2d 896), and it cannot be said such comments constituted a fair response to those portions of defense counsel's summation which called into question the credibility of the prosecution witnesses *(cf., People v Torres, supra,* at 664; *People v Blackman,* 88 AD2d 620, 621). Such remarks are to be avoided at the defendant's new trial.

In view of our determination, we need not address the defendant's claim that the sentences imposed were excessive, and we have considered the remaining contentions advanced by the defendant and find them to be without merit. Mangano, J. P., Bracken, Weinstein and Kooper, JJ., concur.