■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE WELLS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered June 5, 1986, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power, we are satisfied that the defendant's guilt was established beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Any questions of credibility and testimonial inconsistencies considered by the jury do not obviate the conclusion that the defendant's guilt was established beyond a reasonable doubt (see, People v Storm, 114 AD2d 477; People v La Borde, 76 AD2d 869; CPL 470.15). There was sufficient consistent credible testimony from the arresting officers to demonstrate the manner in which the defendant was approached, pursued, and searched, resulting in recovery of drugs found on his person.

The defendant's contention that he was denied a fair trial is similarly without merit. The evidence submitted regarding the uncharged crime of a drug sale by the defendant was properly before the jury as supporting the informational predicate for the initial police pursuit (People v Montanez, 41 NY2d 53, 58; People v Johnson, 125 AD2d 701, 702, lv denied 69 NY2d 882, 1005), and, when the defense counsel objected, any possible prejudice was promptly cured by the court's instruction (see,

*People v Smith,* 125 AD2d 614). The court properly instructed the jury as to those inferences which could be drawn from the prosecutor's failure to call one of the arresting officers as a witness *(see, Noce v Kaufman,* 2 NY2d 347, 353). Moreover, the defendant knew the officer's identity and elected not to call him *(see, People v Almodovar,* 62 NY2d 126, 132-133; *People v Baldo,* 107 AD2d 751, 752). Finally, the defendant failed to preserve for appellate review the allegedly prejudicial references by the prosecutor to the defendant's possession of money at the time of his arrest *(see, People v Howard,* 125 AD2d 408, 409, *lv denied* 69 NY2d 746; CPL 470.05 [2]). Thompson, J. P., Niehoff, Rubin and Sullivan, JJ., concur.