THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND WALKER, Appellant.—Judgment, Supreme Court, New York County (James J. Leff, J.), rendered July 10, 1987, convicting defendant, after jury trial, of murder in the second degree and sentencing him to 15 years' to life imprisonment, unanimously affirmed.

Notwithstanding the general proscription against the admission of evidence of uncharged criminal conduct *(see, People v Molineux,* 168 NY 264), evidence that defendant and two witnesses had engaged in prior and contemporaneous drug transactions was admissible because it was inextricably interwoven with the events leading to the crime charged *(People v Vails,* 43 NY2d 364), was essential to "complete the narrative" *(People v Gines,* 36 NY2d 932), and was necessary, as background material, to facilitate the jury's understanding of the relationship among the parties *(People v Le Grand,* 76 AD2d 706, 710). Further, the probative value of this evidence far outweighed the potential for undue prejudice *(People v Powell,* 157 AD2d 524, *lv denied* 75 NY2d 923).

The trial court properly instructed the jury on the defense of justification *(People v Goetz,* 68 NY2d 96). The trial evidence offered no basis for a belief that defendant was about to be subjected to deadly physical force without avenue for retreat, nor was there any basis for justifying defendant's use of his service revolver pursuant to his duties as a correction officer. Defendant had not reported for duty in months, was not in the process of effecting an arrest, was not pursuing an investigation, nor did he report the shooting. Concur—Murphy, P. J., Kupferman, Kassal and Ellerin, JJ.