■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH NESBITT, Appellant.—Judgment of the Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered July 8, 1988, convicting defendant, after jury trial, of criminal possession of a controlled substance in the fourth degree, two counts of criminal sale of a controlled substance in the fifth degree, and criminal possession of a controlled substance in the fifth degree and sentencing him, as a predicate felon, to concurrent indeterminate sentences of 5 to 10 years for criminal possession of a controlled substance in the fourth degree, and 2 to 4 years on the remaining counts, unanimously affirmed.

From their observation post on the third floor of an abandoned building in upper Manhattan, police officers, using binoculars, observed an unidentified individual approach codefendant Davis and hand him money. Davis then approached defendant, who reached into the crotch area of his pants, removed a white envelope, and handed it to Davis, who in turn gave it to the unidentified individual. Defendant then took a large clear plastic bag from the groin area of his pants and placed it under a piece of wood in the back of a pickup truck. Thereafter, Norma Fields approached defendant, who accepted money from her, and then gave her a small white envelope from the clear plastic bag in the pickup truck. Backup officers arrested Fields and seized a white envelope marked "Coma", which was later found to contain PCP, or "angel dust". A similar transaction was had with Jose Cambrelen, who was also arrested and found to be in possession of two white envelopes marked "Coma" and containing PCP.

After several additional similar transactions, defendant and Davis were arrested and 18 envelopes marked "Coma", and containing PCP, were retrieved from the back of the pickup truck.

Defendant contends that the initial sale to Norma Fields was sufficient to prove his intent to sell the other envelopes marked "Coma" seized from the truck, and that it was accordingly prejudicial error to admit evidence of other uncharged crimes to prove the crimes in issue. However, evidence of the uncharged crimes was relevant and admissible to demonstrate that he constructively possessed the envelopes seized from the truck, and that he acted in concert with Davis in the sale to Cambrelen. "[I]t is immaterial that the People could establish a prima facie case without the disputed evidence. They were not bound to stop after presenting minimum evidence but could go on and present all the admissible evidence available to them, regardless of the trial strategy defendant adopted". *(People v Alvino,* 71 NY2d 233, 245.)

With regard to allegedly improper remarks made by the prosecutor during summation, defense counsel made no objection and so failed to preserve the issue for appellate review *(People v Balls,* 69 NY2d 641). Were we to address the issue, we would find no error. Concur—Ross, J. P., Kassal, Ellerin and Wallach, JJ.