■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD WAITE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered June 8, 1989, convicting him of criminal possession of marihuana in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On July 28, 1988, several members of the Queens Narcotics Unit of the New York City Police Department executed a search warrant at the defendant's apartment. The defendant, the only person in the apartment at the time of the search, was arrested, and the police seized more than 11 pounds of marihuana, a loaded .22 caliber pistol, ammunition, and numerous small plastic bags. The defendant was charged with and convicted of criminal possession of marihuana in the first degree and criminal possession of a weapon in the third degree. The defendant contends that he was deprived of a fair trial by the admission of background testimony by the arresting officers tending to establish that he was engaged in a drug selling enterprise in the apartment where he was arrested, a crime for which he was not charged. We disagree.

The testimony of the police officers, which is challenged on appeal, was properly admitted to supply background informa-

tion establishing the basis for the police action in obtaining the search warrant and to complete the narrative of events leading to the defendant's arrest *(see, People v Montanez,* 41 NY2d 53; *People v Wells,* 134 AD2d 545; *People v Johnson,* 125 AD2d 701). The testimony was also relevant and admissible to establish the defendant's control of the apartment and to demonstrate that he constructively possessed the substantial quantity of marihuana seized therein *(see, People v Nesbitt,* 165 AD2d 697).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Miller, Ritter and Copertino, JJ., concur.