■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT SANTANGELO, Appellant. [597 NYS2d 450] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered May 8, 1991, convicting him of burglary in the first degree (two counts), attempted robbery in the first degree, attempted robbery in the second degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with two push-in burglaries of the 80-year-old complainant's apartment. With respect to the first incident, the complainant failed to promptly notify the police that the defendant was the perpetrator. After a jury trial, the defendant was acquitted with respect to the charges relating to the first incident, but was convicted with respect to the second incident. The defendant contends that he was deprived of a fair trial by certain remarks made by the

prosecutor during her summation. As an explanation for the complainant's failure to promptly identify the defendant as the perpetrator of the first incident, the prosecutor portrayed the complainant, who lived in the same apartment building as the defendant and knew him all his life, as subject to intimidation by the other members of the defendant's family. The prosecutor further suggested that the testimony of certain defense witnesses had been "coached". These statements were arguably improper *(see, People v Rivera,* 116 AD2d 371; *People v Khan,* 101 AD2d 867). However, many of the other comments with respect to the complainant's fear of identifying the defendant as his assailant were inferences which could be fairly and properly drawn from the facts in evidence *(see, People v Green,* 182 AD2d 704, 705). In any event, given the unlikelihood that such commentary had a prejudicial effect on the outcome, inasmuch as the defendant was ultimately acquitted on all charges relating to the first incident, reversal is unwarranted on the basis of the impropriety of the challenged remarks *(see, People v Crimmins,* 36 NY2d 230, 242; *People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837).

We have examined the defendant's remaining contention and find it to be without merit. Bracken, J. P., Miller, O'Brien and Pizzuto, JJ., concur.