■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL WATERS, Appellant. [628 NYS2d 335] —Appeals by the defendant (1) from a judgment of the County Court, Nassau County (Thorp, J.), rendered April 7, 1992, convicting him of robbery in the first degree, burglary in the first degree (two counts), assault in the second degree, and grand larceny in the fourth degree (two counts), upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same

court, dated July 17, 1992, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and the order are affirmed.

The defendant contends that throughout the trial the prosecutor impermissibly alluded to the fact that the defendant was arrested for the instant Nassau County crime while in the custody of New York City police for an unrelated crime.

The admissibility of uncharged crime evidence is determined by a two-step analysis. First, the court must identify an issue, other than propensity, to which the evidence is relevant. If this threshold is met, the court must then weigh, as a discretionary matter, the probative worth of the evidence against its potential for prejudice (see, People v Hudy, 73 NY2d 40).

Here, the contested evidence is clearly relevant to issues other than propensity. At trial, the defendant asserted that his confession was extracted through the use of force by Nassau County detectives. In order to controvert this claim, the People properly introduced evidence that the defendant, while in the custody of New York City police but after being questioned by the Nassau County police, failed to call the alleged assault to the attention of New York City officials. While this evidence clearly suggested that the defendant was in custody in New York City for crimes other than the instant Nassau County matter, we find that such evidence was relevant to contradict the defendant's allegations of abuse. This Court has repeatedly held that a defendant's allegations that he was physically and psychologically abused may be contradicted by, among other things, the defendant's failure to call the alleged assault to anyone's attention and the defendant's failure to seek medical attention (see, People v Diaz, 177 AD2d 500; People v Sanchez, 133 AD2d 384; People v Chalos, 111 AD2d 827). Under the circumstances of this case, we find that the probative value of this evidence outweighed its potential for prejudice.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Ritter, Joy and Goldstein, JJ., concur.