■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIM DUFFY, Appellant. [697 NYS2d 645] —Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered January 16, 1998, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested after he sold a bag of cocaine to an undercover police officer. The police then searched the defendant and recovered a plastic bag of sugar. The defendant now contends that the admission into evidence of the bag of sugar was improper, since it constituted evidence of criminally using drug paraphernelia in the second degree, an uncharged crime. However, this contention is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Berrios,* 71 NY2d 905; *People v Wilson,* 225 AD2d 642). In any event, the contention is without merit. The evidence was admissible to complete the narrative of events (*see, People v Gines,* 36 NY2d 932) and was inextricably interwoven with the crime (*see, People v Vails,* 43 NY2d 364).

Contrary to the defendant's contention, the theory advanced in the indictment did not vary from the facts established by

the People at trial (*see, People v Grega,* 72 NY2d 489; *cf., People v Roberts,* 72 NY2d 489).

The defendant's sentence was neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Krausman, McGinity and Schmidt, JJ., concur.