■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN CORNISH, Appellant. [720 NYS2d 388] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered January 27, 1995, convicting him of

murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well established that evidence of uncharged crimes is inadmissible where it is offered solely to raise an inference that a defendant has a criminal propensity (*see, People v Alvino,* 71 NY2d 233, 241). Such evidence, however, may be received, "if it helps to establish some element of the crime under consideration or is relevant because of some recognized exception to the general rule" (*People v Alvino, supra,* at 242; *see, People v Lewis,* 69 NY2d 321, 325; *People v Molineux,* 168 NY 264), and where its probative value outweighs the potential for prejudice to the defendant (*see, People v Alvino, supra,* at 241-242).

Contrary to the defendant's contention, evidence of a prior uncharged crime in which he robbed a woman on the subway and attempted to push her onto the subway tracks was properly admitted to establish his identity as the perpetrator of the instant crime (*see, People v Ventimiglia,* 52 NY2d 350; *People v Molineux, supra*). Here, a unique modus operandi was sufficiently established (*see, People v Robinson,* 68 NY2d 541; *People v Beam,* 57 NY2d 241, 250; *People v Balazs,* 258 AD2d 658; *People v Jason,* 190 AD2d 689), and the Supreme Court properly found that the similarity between both crimes was probative of the defendant's identity. Given the court's limiting instructions, the probative value of this evidence outweighed the potential prejudice to the defendant (*see, People v Alvino, supra*). O'Brien, J. P., Friedmann, Goldstein and H. Miller, JJ., concur.