◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL MONZON, Appellant. [735 NYS2d 810] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered April 8, 1998, convicting him of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant maintains that the court erred in admitting testimony regarding uncharged crimes allegedly committed by him. However, because he failed to raise an objection during the challenged portions of the testimony, this claim is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Berrios,* 71 NY2d 905, 906; *People v Duffy,* 265 AD2d 568).

In any event, this contention is without merit. Evidence of uncharged criminal conduct is inadmissible if introduced solely to establish the defendant's criminal propensities (*see, People v Alvino,* 71 NY2d 233, 241). However, such evidence is admissible to provide relevant background information and to complete a witness's narrative to assist the jury in its comprehension of the crime charged (*see, People v Montanez,* 41 NY2d 53, 58; *People v Dodson,* 243 AD2d 644, 645).

Here, the testimony regarding the procurement of the search warrants was properly admitted to supply the jury with background information establishing the basis for the police officers' actions in obtaining the search warrants. Moreover, the testimony was properly admitted to complete the narrative of events leading to the defendant's arrest (*see, People v Waite,* 183 AD2d 796, 797).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Luciano, J. P., Townes, Crane and Prudenti, JJ., concur.