■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRANT WILLIAMS, Appellant. [759 NYS2d 881] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated December 3, 2001 (*People v Williams,* 289 AD2d 270 [2001]), affirming a judgment of the Supreme Court, Richmond County, rendered January 22, 1998.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745 [1983]). H. Miller, J.P., Townes, Crane and Cozier, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN WILLIAMS, Appellant. [759 NYS2d 684] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered March 2, 2000, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that prosecutor's remarks on summation constituted reversible error. The defendant's arguments concerning most of the remarks were not preserved for appellate review because the defendant either failed to object to the prosecutor's statements, made only general objections, or moved belatedly for a mistrial (*see* CPL 470.05 [2]; *People v Dien,* 77 NY2d 885 [1991]; *People v Balls,* 69 NY2d 641, 642 [1986]; *People v Morris,* 148 AD2d 552 [1989]).

In any event, the defendant's contentions are without merit. While some of the challenged remarks were questionable, they did not exceed the broad bounds of rhetorical comment allowed in closing argument (*see People v Galloway,* 54 NY2d 396 [1981]). Moreover, the isolated racial remark by the prosecutor, while clearly inappropriate, did not constitute the type of thematic reference to race to warrant reversal (*see People v Dominguez,* 275 AD2d 468, 469 [2000]; *People v Ali,* 158 AD2d 460 [1990]; *People v Rivera,* 136 AD2d 520 [1988], *affd* 73 NY2d 941 [1989]; *cf. People v Alexander,* 94 NY2d 382, 385 [1999]). Florio, J.P., Feuerstein, Friedmann and Crane, JJ., concur.