■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GORDON, Appellant. [764 NYS2d 115] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered May 8, 2000, convicting him of robbery in the first degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well established that evidence of uncharged crimes is inadmissible where it is offered solely to raise an inference that a defendant has a criminal propensity (*see People v Vails,* 43 NY2d 364 [1977]). However, evidence of uncharged crimes may be admitted where it shows motive, intent, the absence of mistake or accident, a common scheme or plan, or the identity of the guilty party (*see People v Molineux,* 168 NY 264 [1901]). In addition, such evidence may be received where it is inextricably interwoven with the charged crimes, provides necessary background information, or completes a witness's narrative (*see People v Monzon,* 289 AD2d 595 [2001]; *People v Desir,* 285 AD2d 655 [2001]). This can include evidence that explains why a defendant may have confessed to the charged crimes, or helps prevent speculation about possible police misconduct (*see People v Monzon, supra; People v Ortiz,* 238 AD2d 213 [1997]; *People v Waters,* 216 AD2d 340 [1995]; *People v Casanova,* 160 AD2d 394 [1990]; *People v Hernandez,* 139 AD2d 472 [1988]).

Here, a gun and jacket discovered immediately after the defendant was arrested for an uncharged crime helped identify the defendant as the perpetrator of the crimes with which he was charged (*see People v Powell,* 107 AD2d 718 [1985]). Moreover, the description of the defendant's arrest, as well as the evidence relating to the statements he gave at the police station, explained why he confessed to the charged crimes, and rebutted his allegations of police misconduct both during and

after his arrest. In addition, the trial court's limiting instructions effectively prevented prejudice to the defendant (*see People v Samlal,* 292 AD2d 400 [2002]; *People v Cornish,* 280 AD2d 552 [2001]). Accordingly, the trial court properly admitted the evidence. Prudenti, P.J., Townes, Mastro and Rivera, JJ., concur.