■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD JONES, Appellant. [779 NYS2d 583]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leventhal, J.), rendered June 26, 2002, convicting him of attempted murder in the second degree, assault in the first degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the admission of testimony regarding his past acts of abuse toward the complainant, and testimony regarding his and the complainant's drug use, is in part, unpreserved for appellate review and, in any event, is without merit. This evidence was relevant in that it was "inextricably interwoven with the events leading to the crime[s] charged, was essential to 'complete the narrative,' and was necessary, as background material, to facilitate the jury's understanding of the relationship [between] the parties" (*People v Walker*, 165 AD2d 674 [1990] [citations omitted]; *see People v Ramsey*, 1 AD3d 538 [2003], *lv denied* 1 NY3d 600 [2004]). Since the probative value of this testimony outweighed any prejudice to the defendant, the Supreme Court providently exercised its discretion in admitting it (*see People v Filipe*, 7 AD3d 539 [2004]).

The defendant also contends that the prosecutor's statements during summation regarding the complainant's testimony constituted reversible error. The defendant failed to preserve this argument for appellate review, as he failed to move for a mistrial, and his only objection during the summation was sustained and followed by a curative instruction (*see* CPL 470.05 [2]; *see also People v Williams*, 305 AD2d 703 [2003]; *People v Scotti*, 220 AD2d 543 [1995]). In any event, the challenged remarks either were fair comment on the evidence, permissive rhetorical comment, or responsive to the defense counsel's summation (*see People v McHarris*, 297 AD2d 824 [2002]; *People v Torres*, 121 AD2d 663, 664 [1986]). Altman, J.P., H. Miller, Townes and Fisher, JJ., concur.