■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE PHILIPS, Appellant. [818 NYS2d 229]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered January 25, 2000, convicting him of rape in the first degree (two counts), sodomy in the first degree, and sexual abuse in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal

brings up for review the denial, after a hearing (Demakos, J.), of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and physical evidence.

Ordered that the judgment is affirmed.

The defendant's claim that the search of his vehicle was unlawful is unpreserved for appellate review to the extent that the defendant now argues that the search of his vehicle exceeded the scope of his consent (*see* CPL 470.05 [2]; *People v Huntley,* 237 AD2d 533, 534 [1997]). In any event, all of the defendant's contentions on appeal regarding the suppression hearing are without merit or do not require reversal (*see People v Philips,* 30 AD3d 620 [2006] [decided herewith]).

The Supreme Court properly permitted the introduction of evidence of an uncharged crime on the issue of identity (*see People v Molineux,* 168 NY 264 [1901]), as the People established a modus operandi sufficiently unique that proof of the uncharged crime was probative on the issue of identity (*see People v Beam,* 57 NY2d 241, 252 [1982]; *People v Allweiss,* 48 NY2d 40, 47-49 [1979]; *People v Manino,* 306 AD2d 542 [2003]). In addition, the evidence was properly received since it was necessary as background information to complete the narrative of the defendant's arrest and to explain why he confessed when he confessed (*see People v Gordon,* 308 AD2d 461 [2003]; *People v Monzon,* 289 AD2d 595 [2001]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's arguments regarding alleged improper comments by the prosecutor during summation are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Tonge,* 93 NY2d 838, 839-840 [1999]; *People v Dien,* 77 NY2d 885, 886 [1991]). In any event, most of the challenged comments were either responsive to the arguments made in the defense counsel's summation (*see People v Yu Feng Shi,* 12 AD3d 541 [2004]; *People v Jones,* 9 AD3d 374, 375 [2004]; *People v McHarris,* 297 AD2d 824, 825 [2002]), fair comment on the evidence, or within the bounds of permissible rhetoric (*see People v Jones, supra; People v Johnson,* 3 AD3d 581, 582 [2004]). The comments that were arguably improper do not, in any event, require reversal (*see* CPL 470.15 [6] [a]; *People v Santangelo,* 193 AD2d 634, 635 [1993]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's claims in point three of his brief with respect to the admissibility of DNA evidence, and in point five of his supplemental pro se brief with respect to the Supreme Court's conduct at the suppression hearing, are unpreserved for appellate review. The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit or based on matter dehors the record. Crane, J.P., Rivera, Fisher and Dillon, JJ., concur.