■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES CLINK, Appellant. [821 NYS2d 613]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered July 15, 2004, convicting him of robbery in the first degree (two counts) and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's convictions stem from a robbery committed in Queens on November 2, 2002. In an unrelated incident, the defendant was arrested in Brooklyn on November 26, 2002 when he was found in possession of a black handgun while riding in a black Honda Civic with tinted windows. The People, asserting that the gun and the car were distinctive and were very similar to the gun and car used in the November 2, 2002 robbery, sought to elicit testimony as to the circumstances surrounding the November 26, 2002 arrest on the theory that it tended to connect the defendant to the robbery. The Supreme Court admitted such evidence, reasoning that it fell within the "identity" exception to the *Molineux* rule regarding evidence of uncharged crimes (*see People v Molineux,* 168 NY 264, 291, 293 [1901]).

The evidence concerning the defendant's November 26, 2002 arrest was admissible as probative of the defendant's identity as a participant in the robbery charged in this case (*see People v Gordon,* 308 AD2d 461 [2003]; *People v Powell,* 107 AD2d 718 [1985]). The Supreme Court providently exercised its discretion

in determining that the probative value of the evidence outweighed the potential prejudice to the defendant (*see People v Alvino,* 71 NY2d 233, 242, 247 [1987]). Moreover, the court properly explained to the jury the purpose for which the evidence was being introduced, and repeatedly instructed the jury not to consider such evidence as establishing the defendant's criminal propensity (*see People v Tosca,* 98 NY2d 660 [2002]; *People v Satiro,* 72 NY2d 821 [1988]).

The prosecutor's summation comment regarding the out-of-state license plate on the defendant's car was not prejudicial to the defendant. The defendant's remaining challenges to the prosecutor's summation are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Campbell,* 29 AD3d 601 [2006]; *People v Woody,* 9 AD3d 439, 440 [2004]) and, in any event, are without merit (*see People v Valdes,* 291 AD2d 513 [2002]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Mastro, Spolzino and Dillon, JJ., concur.