█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES WALKER, Appellant. [826 NYS2d 142]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered October 4, 2004, convicting him of burglary in the second degree (three counts) and criminal possession of stolen property in the fifth degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The trial court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]), did not constitute an improvident exercise of discretion. The defendant's most recent prior crime of robbery was a crime of calculated violence that was highly relevant to the issue of credibility because it demonstrated the defendant's willingness to deliberately further his self-interests at the expense of society (*see People v Creel,* 215 AD2d 577 [1995]). In addition, there was no *Brady* violation (*see Brady v Maryland,* 373 US 83 [1963]) since the information was not exculpatory (*see People v Watkins,* 286 AD2d 515 [2001]).

The defendant also contends that he was denied the effective assistance of counsel at trial. However, to prevail on a claim of ineffective assistance of counsel, the defendant must overcome the strong presumption that the defense counsel rendered effective assistance (*see People v Baldi,* 54 NY2d 137 [1981]; *People v Myers,* 220 AD2d 461 [1995]). After a review of the record in its entirety and without giving undue significance to retrospective analysis, we are satisfied that the defendant received the effective assistance of counsel (*see People v Myers,* 220 AD2d 461 [1995]).

The identification of the defendant by a witness was merely confirmatory and not the product of a suggestive police procedure (*see People v Rodriguez*, 79 NY2d 445 [1992]). Furthermore, contrary to the defendant's contention, the People established at a suppression hearing that the police had probable cause to arrest him (*see generally People v Bigelow*, 66 NY2d 417, 423 [1985]). In addition, the defendant waived any claim of error related to the trial court's failure to issue an instruction to the jury informing it of how the defendant sustained injuries to his face during the trial (*see People v Ahmed*, 66 NY2d 307 [1985]; *People v White*, 53 NY2d 721 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are unpreserved for appellant review and, in any event, are without merit. Santucci, J.P., Goldstein, Skelos and Lifson, JJ., concur.