■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD GOUSSE, Appellant. [841 NYS2d 383]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Carter, J.), rendered April 19, 2006, convicting him of murder in the first degree, attempted robbery in the first degree, and criminal impersonation in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Kase, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's motion which was to suppress identification evidence (see People v Carroll, 200 AD2d 630 [1994]; People v Jones, 171 AD2d 757, 758 [1991]; People v Young, 167 AD2d 366 [1990]; People v Allah, 158 AD2d 605, 606 [1990]).

The defendant's contention that the detective's testimony regarding the lineup improperly bolstered the witness's identification testimony (see People v Trowbridge, 305 NY 471 [1953]) is not preserved for appellate review (see CPL 470.05 [2]; People v Norris, 5 AD3d 796, 797 [2004]; People v White, 210 AD2d 271 [1994]), and we decline to review it in the exercise of our interest of justice jurisdiction.

Evidence of the defendant's conviction arising from his involvement in the "1998 Staples case" was properly admitted to establish his identity as the perpetrator of the instant crime (see People v Ventimiglia, 52 NY2d 350, 359 [1981]; People v Molineux, 168 NY 264, 313 [1901]; People v Manino, 306 AD2d 542 [2003]; People v Cornish, 280 AD2d 552, 553 [2001]; People v Balazs, 258 AD2d 658, 659 [1999]). Likewise, the court properly exercised its discretion with respect to its various Sandoval rulings (see People v Sandoval, 34 NY2d 371 [1974]; People v Walker, 35 AD3d 512 [2006], lv denied 8 NY3d 928 [2007]; People v Taylor, 18 AD3d 783, 784 [2005]).

The defendant's remaining contention is without merit. Crane, J.P., Goldstein, Dillon and Carni, JJ., concur.