■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONAH ALSTON, Appellant. [880 NYS2d 649]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered January 12, 2007, convicting him of murder in the second degree (felony murder), and attempted robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In order to establish the affirmative defense to felony murder, a defendant must establish, among other things, that he or she "(a) [d]id not commit the homicidal act or in any way solicit,

request, command, importune, cause or aid the commission thereof; and (b) [w]as not armed with a deadly weapon, or any instrument, article or substance readily capable of causing death or serious physical injury and of a sort not ordinarily carried in public places by law-abiding persons; and (c) [h]ad no reasonable ground to believe that any other participant was armed with such a weapon, instrument, article or substance; and (d) [h]ad no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury" (Penal Law § 125.25 [3]). Contrary to the defendant's contention, he failed to make the requisite showing.

At trial, a witness for the prosecution testified to the defendant's admission that, during the commission of the robbery, the accomplice handed a gun to the defendant, who then fired one of the shots that struck the victim. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witness, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Thus, even though the credibility of this witness was challenged, the jury was entitled to credit the testimony, and the evidence in the record provided a reasonable basis for the jury's rejection of the affirmative defense. Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 85 [1982]). Spolzino, J.P., Santucci, Belen and Lott, JJ., concur.