■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONAH ALSTON, Appellant. [878 NYS2d 441]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered January 12, 2007, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with committing seven different robberies. With respect to four of those robberies, witnesses testified that the masked perpetrator had robbed them at gunpoint, and placed all the money into a black bag. The People sought to admit evidence of an incident in which the unmasked defendant was caught at the scene of one of the robberies attempting to shoplift two cans of Red Bull energy drink, by placing the drinks into a black bag. The court allowed the testimony to be admitted and, upon his conviction of one of the seven robberies, the defendant appeals.

Although evidence of uncharged crimes is generally inadmissible, it can be admitted to establish, among other things, the defendant's identity (*see People v Molineux,* 168 NY 264, 293 [1901]; *see also People v Vails,* 43 NY2d 364, 368 [1977]). Here, the Supreme Court properly found that the evidence of the defendant's use of a black bag demonstrated a unique modus operandi and, therefore, was probative of his identity as the perpetrator of the robberies, and that the probative value of the evidence outweighed any prejudicial effect (*see People v Clink,* 32 AD3d 862, 862-863 [2006]; *People v Gordon,* 308 AD2d 461 [2003]; *People v Wandoloski,* 128 AD2d 568 [1987]; *cf. People v Robinson,* 68 NY2d 541, 550 [1986]). Spolzino, J.P., Santucci, Belen and Lott, JJ., concur.