■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE GORDON, Appellant. [885 NYS2d 733]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered December 9, 2004,

convicting him of robbery in the first degree (four counts), robbery in the second degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that there was legally insufficient proof of his identity (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]; *People v Reyes*, 60 AD3d 873, 875 [2009]). In any event, the People presented legally sufficient proof of the defendant's identity as one of the perpetrators (*see People v Dolan*, 2 AD3d 745, 746 [2003]; *People v Jenkins*, 55 AD3d 850, 851 [2008]; *People v Smiley*, 200 AD2d 777, 778 [1994]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court did not err in permitting the People to elicit evidence of a residential break-in that occurred close to the scene of the charged robbery and moments thereafter, as it was probative of the defendant's identity as a participant in the charged robbery and also explained the narrative of events and the police investigation (*see People v Clink*, 32 AD3d 862 [2006]; *People v Gordon*, 308 AD2d 461 [2003]). In addition, the Supreme Court did not err in admitting evidence regarding the theft of the van allegedly used in connection with the charged robbery, since that evidence also was probative of the defendant's identity (*see People v Clink*, 32 AD3d at 862-863; *People v Gordon*, 308 AD2d at 461-462; *see also People v Alston*, 62 AD3d 806 [2009]). Further, with respect to both of those incidents, the Supreme Court properly found that the probative value of that evidence outweighed its potentially prejudicial effect, and provided limiting instructions to the jury.

The remaining contentions raised in the defendant's main brief either relate to harmless error or are without merit.

The contentions raised in points I and II of the defendant's supplemental pro se brief are unpreserved for appellate review and, in any event, relate to harmless error.

The remaining contention raised in the defendant's supple-

mental pro se brief is unpreserved for appellate review and, in any event, is without merit. Fisher, J.P., Miller, Angiolillo and Hall, JJ., concur.