■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL WINTER, Appellant. [932 NYS2d 714]—

The Supreme Court correctly permitted the introduction of testimony by witnesses to a robbery committed approximately one year after the robbery in this case as evidence of the identity of the perpetrator of the instant crime. The testimony constituted clear and convincing evidence that the defendant committed the subsequent robbery by using a distinctive and unique modus operandi similar to the manner in which the crime was committed in this case, which was probative of the defendant's identity as the perpetrator in this case (*see People v Mateo*, 93 NY2d 327, 332 [1999]; *People v Alvino*, 71 NY2d 233, 242 [1987]; *People v Christopher*, 65 NY2d 417, 426 [1985]; *People v Beam*, 57 NY2d 241, 253 [1982]; *People v Molineux*, 168 NY 264, 293 [1901]; *People v Saunders*, 71 AD3d 1058, 1058-1059 [2010]; *People v Alston*, 62 AD3d 807, 808 [2009]).

Given the Supreme Court's numerous limiting instructions, the "probative value of this evidence outweighed the potential prejudice to the defendant" (*People v Cornish*, 280 AD2d 552, 553 [2001]; *see People v Alvino*, 71 NY2d at 242; *People v Gordon*, 308 AD2d 461, 462 [2003]). Rivera, J.P., Eng, Belen and Austin, JJ., concur. **[Prior Case History: 26 Misc 3d 1224(A), 2009 NY Slip Op 52744(U).]**