People v Brown (2018 NY Slip Op 04559)





People v Brown


2018 NY Slip Op 04559


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-02165
 (Ind. No. 15-00298)

[*1]The People of the State of New York, respondent,
v
Wayne Georg Brown, appellant.


John Brian Macreery, Katonah, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Annmarie Stepancic, Raffaelina Gianfrancesco, and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barbara G. Zambelli, J.), rendered January 26, 2016, convicting him of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fifth degree, and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence established that the defendant exercised a sufficient level of dominion and control over shelving units where cocaine and drug paraphernalia were found to support the jury's finding that he constructively possessed the cocaine and drug paraphernalia (see People v Manini, 79 NY2d 561, 573; People v Perdomo, 154 AD3d 886; People v Johnson, 54 AD3d 969, 971). Moreover, upon the exercise of our factual review power (see CPL 470.15[5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Evidence of uncharged criminal conduct is inadmissible if introduced solely to establish the defendant's criminal propensities (see People v Alvino, 71 NY2d 233, 241). However, such evidence is admissible to provide relevant background information and to complete a witness's narrative to assist the jury in its comprehension of the crimes charged (see People v Montanez, 41 NY2d 53, 58; People v Dodson, 243 AD2d 644, 645). Here, certain testimony regarding the existence of search warrants was properly admitted to supply the jury with background information establishing the basis for the police officers' actions. Moreover, the testimony was properly admitted to complete the narrative of events leading to the defendant's arrest (see People v Monzon, 289 AD2d 595; People v Waite, 183 AD2d 796, 797).
The County Court providently exercised its discretion in conducting a certain proceeding on an in camera basis, attended by only defense counsel and the prosecutors, as it concerned matters related to a previously issued protective order (see CPL 240.50, 240.90; People [*2]v Contreras, 12 NY3d 268, 273; People v Pilgrim, 101 AD3d 435, 435-436). The court properly sealed the transcript of this proceeding, and the defendant was not prejudiced by the in camera nature of the proceeding (see CPL 240.90). To the extent that the defendant's counsel argues that the defendant has been deprived of the effective assistance of appellate counsel due to the court's denial of his motion to unseal the transcript, made during the pendency of this appeal, such argument is not properly before us on this appeal.
The defendant's remaining contention is without merit.
MASTRO, J.P., COHEN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court