People v McCurbin (2020 NY Slip Op 06811)





People v McCurbin


2020 NY Slip Op 06811


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-02338
 (Ind. No. 7623/16)

[*1]The People of the State of New York, respondent,
v
Davon McCurbin, appellant.


Janet E. Sabel, New York, NY (Rachel L. Pecker of counsel), for appellant.
Eric Gonzalez, District Atorney, Brooklyn, NY (Leonard Joblove, Seth M.
Lieberman, and Michael Bierce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered October 2, 2017, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (James P. Sullivan, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
On September 5, 2016, the defendant possessed a loaded gun inside a delicatessen in Brooklyn. Following a jury trial, he was convicted of criminal possession of a weapon in the second degree.
The defendant's claim that the indictment charging criminal possession of a weapon in the second degree (see Penal Law § 265.03[3]) was jurisdictionally defective is without merit (see CPL 200.50[7][a]; People v Jones, 22 NY3d 53, 56).
We agree with the hearing court's determination to deny that branch of the defendant's omnibus motion which was to suppress the gun.
On a motion by a defendant to suppress physical evidence, "the People have the burden of going forward to show the legality of the police conduct in the first instance" (People v Whitehurst, 25 NY2d 389, 391). The defendant bears the ultimate burden of proving that the evidence should not be used against him (see People v Berrios, 28 NY2d 367, 367). Further, the credibility determinations of a hearing court following a suppression hearing are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record (see People v Faulk, 185 AD3d 953, 954). "In People v De Bour (40 NY2d 210), the Court of Appeals established a graduated four-level test for evaluating the propriety of police encounters when a police officer is acting in a law enforcement capacity. The first level permits a police officer to request information from an individual, and merely requires that the request be supported by an objective, credible reason, not necessarily indicative of criminality. The second level, known as the common-law right of inquiry, requires a founded suspicion that criminal activity is afoot, and permits [*2]a somewhat greater intrusion. The third level permits a police officer to forcibly stop and detain an individual. Such a detention, however, is not permitted unless there is a reasonable suspicion that an individual is committing, has committed, or is about to commit a crime. The fourth level authorizes an arrest based on probable cause to believe that a person has committed a crime" (People v Karagoz, 143 AD3d 912, 913-914 [internal quotation marks omitted]; see People v De Bour, 40 NY2d at 223).
At the suppression hearing, the arresting police officer testified that he was patrolling in a marked police vehicle when he observed the defendant standing inside the doorway of the delicatessen. When the officer made eye contact with the defendant, the defendant gave a surprised look and grabbed his waist area, where the officer saw the brown handle of a gun. The defendant then proceeded to run toward the back of the delicatessen. The officer exited his vehicle and gave chase, apprehending the defendant as he attempted to lock himself inside a bathroom located at the rear of the delicatessen. A firearm was subsequently recovered from a display rack along one of the aisles. In addition to the police testimony, the People introduced surveillance videotape from inside the delicatessen.
Contrary to the defendant's contention, the videotape evidence does not undermine the police officer's testimony that he had an unobstructed view of the defendant grabbing his waist area, where he saw the brown handle of a gun. Further, there is no support for the defendant's contentions that the police officer's testimony was incredible, patently tailored to nullify constitutional objections, or otherwise unworthy of belief (see People v Batista, 180 AD3d 698, 699).
The police officer's observation of the gun handle at the defendant's waist, coupled with the defendant's flight upon making eye contact with the officer, gave rise to a reasonable suspicion that the defendant was involved in a felony or misdemeanor (see People v Miller, 146 AD2d 809, 810; cf. People v Ravenell, 175 AD3d 1437). Consequently, the police pursuit of the defendant was justified as a level three intrusion under De Bour (see People v De Bour, 40 NY2d at 215; see People v Miller, 146 AD2d at 810). The subsequent recovery of the gun, which was discarded and abandoned by the defendant during his flight, was therefore proper (see People v Boodle, 47 NY2d 398, 404; People v Gregory, 163 AD3d 847, 848). As the defendant's abandonment of the property was not precipitated by any illegal police conduct, we agree with the hearing court's determination declining to suppress the gun (see People v Coleman, 125 AD3d 879, 880; People v Soscia, 96 AD3d 1081, 1082).
The defendant's contention that the prosecutor made improper comments on summation is unpreserved for appellate review (see CPL 470.05[2]). In any event, most of the challenged comments were either responsive to the arguments made in the defense counsel's summation, fair comment on the evidence, or within the bounds of permissible rhetoric (see People v Phillips, 30 AD3d 618, 619). The comments that were arguably improper do not require reversal (id.).
RIVERA, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court